**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

RYAN SMITH, *et al.*,

        Plaintiffs,

vs.

HEWLETT-PACHARD COMPANY,

        Defendant.

Case No. 2:15–cv–484–GMN–VCF

**ORDER**

MOTION TO COMPEL (#23)

        This matter involves Ryan Smith and James Grybowski's civil-rights action against the Hewlett-Packard Company. Messrs. Smith and Grybowski move to compel Hewlett-Packard to produce five categories of information: "(1) [r]elevant documents from Plaintiffs' personnel files; (2) [v]arious policies and procedures of Defendant including its sales compensation and anti-harassment policies; (3) [d]ocuments related to Plaintiffs' termination of employment with Defendant; (4) [r]elevant email communications regarding Plaintiffs' sales compensation on the Las Vegas Sands-Macau deal; and (5) [a]ll custodian of records necessary to authenticate [these] documents." (Doc. #23 at 2:11–15).

        Smith and Grybowski advance two primary arguments in support of their motion to compel. First, they contend that the documents should be produced under Rule 26(a)(1)(A)(ii). (*Id.* at 3:2). This argument fails as a matter of law. Hewlett-Packard complied with Federal Rule of Civil Procedure 26(a)(1)(A)(ii), which permits a party to either provide "a copy—or a description by category and location" of documents that the party may use to support its claims or defenses. *See* FED. R. CIV. P. 26(a)(1)(A)(ii).

Here, Hewlett-Packard timely served its initial disclosures and included a description of the documents. Smith and Grybowski argue that Hewlett-Packard failed to comply with the rule by providing a description of the documents rather than the documents themselves. This is incorrect. *See id*.

Second, Smith and Grybowski contend that Hewlett-Packard "stipulated to the production of the documents in the Joint Discovery Plan and Scheduling Order." (Doc. #23 at 4:29). This argument is factually unfounded. The Joint Discovery Plan and Scheduling Order contains no provision requiring Hewlett-Packard to produce the five categories of documents that are the subject of the motion to compel. *See generally* (Doc. #20). The Joint Discovery Plan and Scheduling Order was entered on June 5, 2015. (*Id*.) This was four days before Hewlett-Packard served its initial disclosures, which informed Smith and Grybowski for the first time that the five categories of information even exist. *See* (Doc. #23-5 at 5–6).

Smith and Grybowski's motion is also deficient because they failed to meet and confer before moving to compel. The parties' briefing demonstrates that they are familiar with the meet-and-confer requirements set out in Rule 37(a)(1), Local Rule 26-7(b), and *Shuffle Master, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166 (D. Nev. 1996). Nonetheless, Smith and Grybowski purport to have complied with these authorities by sending a letter, which in pertinent part stated:

> Plaintiffs are in receipt of Defendant Hewlett-Packard Company's Initial Disclosures, dated June 9, 2015. Pursuant to Rule 26(a)(1), please provide copies of all documents identified (No.'s 1–5) in Defendant Hewlett-Packard Company's Initial Disclosures or provide our office with a date, time and location to come and inspect and copy the same.

(Doc. #23-6 at 2). These two sentences are insufficient as a matter of law to satisfy the meet-and-confer requirement.

As stated in *Shuffle Master*, good faith contemplates "honesty in one's purpose to meaningfully discuss the discovery dispute, freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information without court action." 170 F.R.D. at 171. And,

2

conferment contemplates a "two-way communication . . . to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Id*.

Smith and Grybowski's letter does not satisfy the good-faith requirement. When documents are requested, Rule 34 provides the responding party with 30 days to produce the requested information. Here, Smith and Grybowski told Hewlett-Packard that it must produce the requested documents within "the next five (5) business days." (Doc. #23-6 at 2). This suggests that Smith and Grybowski may have intended to "abuse the discovery process" by short-circuiting the amount of time Hewlett-Packard is entitled to when responding to document requests. Indeed, approximately two weeks after the letter was drafted, Smith and Grybowski had already filed their motion to compel. The court does not find that Smith and Grybowski acted in good faith.

Nor does the court find that Smith and Grybowski's letter satisfies the conferment requirement. Smith and Grybowski did not attempt to engage in a meaningful two-way communication. They simply put Hewlett-Packard on notice that they wanted the documents identified in its initial disclosure. And, before Hewlett-Packard had an opportunity to act on Smith and Grybowski's letter—and without serving a proper document request—Smith and Grybowski moved to compel. This was inappropriate.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiffs' Motion to Compel (#23) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of September, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE