# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

RYAN SMITH, individually and JAMES "JAY" GRYBOWSKI, individually,

    Plaintiffs,

vs.

HEWLETT-PACKARD COMPANY,

    Defendant.

Case No. 2:15–cv–484–GMN–VCF

**ORDER**

MOTION TO COMPEL CONTINUED DEPOSITION OF PHIL CASTILLO IN EXCESS OF FOUR HOURS AND FIFTY-EIGHT MINUTES (DOC. #40)

    This matter involves Ryan Smith and James "Jay" Grybowski's civil action against Hewlett-Packard. Smith and Grybowski (collectively "the Plaintiffs") allege, among other claims, breach of contract and retaliation under Title VII of the Civil Rights Act of 1964. Before the court is Plaintiffs' Motion to Compel Continued Deposition of Phil Castillo in Excess of Four Hours and Fifty-Eight minutes (Doc. #40), Hewlett-Packard's response (Doc. #43), and Plaintiffs' reply. (Doc. #45). For the reasons stated below, Plaintiffs' motion is granted.

## I. BACKGROUND

    The instant motion arises out a dispute regarding the deposition of Phillip Castillo, Vice President of Sales and General Manager for the Enterprise Group for Hewlett-Packard. Castillo was Grybowski and Smith's supervisor and manager at Hewlett-Packard. (Doc. #40 at 2).

    The parties convened on July 15, 2015 in Irvine, California for Castillo's deposition. (Doc. #40 at 2). The deposition began at approximately 10:34 a.m. and concluded at 4:58 p.m. *Id*. Castillo's deposition covered a variety of topics including: (1) Castillo's supervision and management of the Plaintiffs, (2) Castillo's involvement in "the Macau deal," (3) Castillo's alleged involvement in the Plaintiffs' termination from Hewlett-Packard, and (4) Castillo's alleged sexual harassment of a female Hewlett-Packard employee. (Doc. #40-1).

1

1   At approximately 4:17 p.m., Plaintiffs were unable to complete the full seven-hour deposition and asked to continue the deposition to another day. (Doc. # 40-1 at 14). Hewlett-Packard objected. *Id*. Castillo's deposition concluded after approximately five hours of oral testimony. *Id*. Plaintiffs and Hewlett-Packard have met and conferred and were unable to resolve the instant dispute. (Doc. #40-9); (Doc. #40-10). Plaintiffs then filed the instant motion.

## II. LEGAL STANDARD

"[T]he scope of discovery is as follows: Parties may obtain discovery regarding [1] any nonprivileged matter that is relevant to any party's claim or defense and [2] proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).

When the court determines if discovery is proportional to the needs of the action, it considers: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its benefits." *Id*.

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2).

"Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." FED. R. CIV. P. 30(d)(1). "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent." *Id*.

"The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." FED. R. CIV. P. (d)(1) advisory committee's note. "[C]ourts asked to order an extension—might consider a variety of factors." *Id*. "If the examination will cover events occurring over a long period of time, that may justify allowing additional time." *Id*. "Preoccupation with timing is to be avoided." *Id*.

### III. DISCUSSION

The parties' present two questions: (1) whether good cause exists to extend Castillo's deposition and (2) if Castillo's deposition is extended, whether the Plaintiffs must pay Hewlett-Packard's expenses related to Castillo's extended deposition.

**1.     There is Good Cause to Extend Castillo's Deposition**

Plaintiffs contend that they should be allowed an additional four hours and fifty-eight minutes to depose Castillo. This represents the remaining time on Plaintiffs' original deposition plus an additional three hours. Castillo's total deposition time would be ten hours. Hewlett-Packard argues that Plaintiffs failed to show good cause to warrant an extension of Castillo's deposition. Hewlett-Packard argues, in the alternative, that Plaintiffs are limited to two additional hours, for a total of seven hours, the presumptive limit pursuant to Federal Rule of Civil Procedure 30(d)(1). The court finds good cause to grant Plaintiffs' motion to extend deposition time, but limits additional time for Castillo's second deposition to three and one-half hours.

Neither party disputes that Castillo's deposition is relevant to the instant action. (Doc. #40); (Doc. #43). The court must now consider whether Plaintiffs' discovery request is proportional to the needs of the instant action. FED. R. CIV. P. 26(b)(1). Plaintiffs' request to extend Castillo's deposition is proportional to the needs of the instant action for the following reasons: (1) Castillo is an important witness and possesses information relevant to each of Plaintiffs' claims, (2) Castillo's oral testimony is

an efficient manner for Plaintiffs' to obtain relevant information on their claims, and (3) the burden on Hewlett-Packard to produce Castillo for a second deposition is outweighed by the benefit of the additional information Plaintiffs will obtain from Castillo.

Hewlett-Packard emphasizes that Plaintiffs had an opportunity to question Castillo on the major issues in the instant action and additional deposition time is unwarranted. Plaintiffs, however, showed they anticipated Castillo's breath of knowledge, but were not prepared for Castillo's depth of knowledge on certain topics. (Doc. #40 at 5). Hewlett-Packard's argument also fails to consider Plaintiffs' desire to revisit topics already covered in Castillo's deposition.

Castillo's deposition, however, may not be so long as to become unreasonably cumulative or duplicative. FED. R. CIV. P. 26(b)(2)(C)(i). Given Castillo's importance to Plaintiffs' action, the court will allow an additional three and one-half hours to depose Castillo. This represents the remaining two hours presumptively permitted by Federal Rule of Civil Procedure 30(d)(1), as well as an additional ninety minutes. The additional time will be sufficient to give Plaintiffs a fair opportunity to examine Castillo on all relevant topics.

**2.     Plaintiffs Are Not Required to Pay Hewlett-Packard's Expenses Related to Castillo's Second Deposition**

Hewlett-Packard argues that, if the court grants Plaintiffs additional deposition time, Plaintiffs should be required to pay Hewlett-Packard's expenses related to Castillo's second deposition. Hewlett-Packard relies, in part, on Federal Rule of Civil Procedure 30(d)(2) under which "[t]he court may impose appropriate sanctions—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delay, or frustrates the fair examination of the deponent."

Hewlett-Packard argues that Plaintiffs' impeded their own deposition of Castillo when they concluded the deposition after five hours. After reviewing the parties' moving papers, the court finds

that Hewlett-Packard is not entitled to fees and costs associated with Castillo's second deposition. Each side will pay its own costs.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiffs' Motion to Compel Continued Deposition of Phil Castillo is GRANTED.

IT IS FURTHER ORDERED that Castillo's second deposition be limited to a total of three and one-half hours, with each side bearing its own costs.

IT IS SO ORDERED.

DATED this 21st day of December, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE