**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

RYAN SMITH; *et.al.*,

    Plaintiffs,

vs.

HEWLETT-PACKARD COMPAN; *et.al.*,

    Defendants.

Case No. 2:15–cv–484–GMN–VCF

**ORDER**

MOTION TO DISQUALIFY (ECF NO. 64); MOTION TO STRIKE (ECF NO. 66); MOTION FOR SANCTIONS (ECF NO. 67); MOTION TO STRIKE DEFENDANT'S ANSWER (ECF NO. 68)

This matter involves Plaintiffs Ryan Smith and James "Jay" Grybowski's civil action against the Hewlett-Packard Company (HP) and other Defendants. Before the court are the following motions:

1. Plaintiffs' motion to disqualify attorney Morgan Elam (ECF No. 64), HP's response (ECF No. 75), and Plaintiffs' reply (ECF No. 83)

2. Plaintiffs' motion to strike (ECF No. 66), HP's response (ECF No. 75), and Plaintiffs' reply (ECF No. 84)

3. Plaintiffs' motion for sanctions (ECF No. 67), HP's response (ECF No. 75), and Plaintiffs' reply (ECF No. 85)

4. Plaintiffs' motion to strike HP's answer (ECF No. 68), HP's response (ECF No. 79), and Plaintiffs' reply (ECF No. 82)

For the reasons stated below, Plaintiffs' motion are denied.

**I. Background**

In March 2015, Plaintiffs' Ryan Smith and James "Jay" Grynowski sued Defendant HP on various contract and unjust enrichment claims. (ECF No. 1) The Plaintiffs allege that HP refused to

1

compensate them for work they had done on an international contract. (*Id.*) The instant motions concern HP attorney Morgan Elam's *pro hac vice* petition and the proper scope for HP's deposition.

The court has admitted HP attorney Elam to practice *pro hac vice* in this action. Elam has been working for HP since 2013 and has been admitted to the Pennsylvania and New Jersey bars. (ECF No. 15) In her petition, Elam also stated that she "regularly practiced law" in Pennsylvania. (*Id.*) While this action was pending, Elam moved to Herndon, Virginia, but continued working for HP. (ECF No. 78) Recently Elam withdrew as HP's counsel of record, citing her transfer to a non-litigation position. Plaintiffs now move to disqualify Elam and impose sanctions against HP based on Elam's alleged misrepresentation on her *pro hac vice* petition and her alleged misconduct in Virginia. (ECF No. 64)

As part of discovery, Plaintiffs noticed the deposition of HP CEO Meg Whiteman. HP moved for an emergency protective order. In October 2015, this court held a hearing on HP's emergency motion for a protective order. (ECF No. 38) This court granted HP's emergency motion, but commented that Plaintiffs could notice an appropriate Rule 30(b)(6) deposition in the future. (*Id.*)

Plaintiffs subsequently noticed HP's deposition and attached a list of 45 proposed topics. (ECF No. 79-6) HP objected to all the proposed topics, but requested a meet and confer in order to streamline the deposition. (*Id.*) The company also provided a list of seven proposed topics that encompassed information responsive to all of Plaintiffs' proposed topics. (ECF No. 79-12) When Plaintiffs did not respond to HP's proposed topics, the company informed him that its Rule 30(b)(6) witness would not be attending the deposition. Plaintiffs now move to strike HP's answer due to the company's failure to attend its deposition.

/// /// ///

/// /// ///

/// /// ///

2

**II. Discussion**

1. <u>Defense Counsel Morgan Elam Will Not Be Disqualified From This Action</u>

"An attorney who has been retained or appointed to appear in a particular case but is not a member of the bar of this court may appear only with the court's permission." LR IA 11-2(a). An attorney must submit a verified petition that states he is a member in good standing with a state bar and that he meets other conditions enumerated in the Local Rules. LR IA 11-2.

"The court may revoke the authority of the attorney permitted to appear under this rule." LR IA 11-2(h). "Failure to comply timely with this rule mat result in the striking of any and all documents previously filed by the attorney, the imposition of other sanctions, or both." LR IA 11-2(j).

  i.   *Elam Regularly Practiced Law in Pennsylvania*

"Although the 'practice of law' may be difficult to define, it most assuredly encompasses: advising clients regarding the law; preparing documents for client which require a familiarity with legal principles beyond the ken of the ordinary layman such as wills and contracts; and appearing for client before public tribunals charged with the power of determining liberty or property rights." *Gmerek v. State Ethics Com'n*, 751 A.2d 1241, 1251 (Pa. Commw. Ct. 2000). "However, it is important to stress that the 'practice of law' is not limited to a lawyer's appearance in court." *Id.*

Plaintiffs argue that Elam's two appearances in Pennsylvania District Court do not constitute the "regular practiced law." Plaintiffs' argument adopts an extremely narrow definition of the term "practice of law." Pennsylvania courts have addressed and rejected Plaintiffs' definition. *Id.*

Furthermore Plaintiffs' definition is out of place in a modern legal market. In the era of the legal specialist, Plaintiffs' definition leads to the absurd conclusion that every transactional lawyer or in-house counsel does not "practice law" simply because they do not regularly appear in court. Since this court

does not accept Plaintiffs' definition of "practice of law," it finds that Elam made no misrepresentation on her *pro hac vice* petition.

                ii.      *Elam Did Not Engage in the Unauthorized Practice of Law in Virginia*

An attorney who has not been admitted to the Virginia state bar may "provide legal services on a temporary and occasional basis in Virginia that … arise out of or are reasonably related to the representation of a client" in a jurisdiction where the lawyer has been admitted to practice. VA. SUP. CT. R. PT. 6 § 2 RPC 5.5.

Plaintiffs argue that Elam engaged in the unauthorized practice of law when she continued to work for HP in Virginia despite not being admitted to the Virginia state bar and without a corporate counsel certificate. Smith's argument ignores that fact that the Virginia Rules of Professional Conduct permit attorneys like Elam to provide legal services to out-of-state clients while residing in Virginia. Furthermore Elam promptly obtained a Virginia corporate counsel certificate once Plaintiff's counsel had brought this oversight to her attention. (ECF No. 78) Elam's conduct in Virginia does not constitute the unauthorized practice of law.

2.    <u>HP's Answer Will Not be Stricken</u>

"If a party of party … or witness designated under Rule 30(b)(6) … fails to obey an order to provide or permit discovery … the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A). "They may include the following … striking pleadings in whole or in part." FED. R .CIV. P. 37(b)(2)(A)(iii).

HP did not violate a court order when its Rule 30(b)(6) witness did not attend a previously noticed deposition. At the October 30, 2015 hearing, this court commented that Plaintiffs would be able depose HP's Rule 30(b)(6) witness at a later date, but would not be permitted to take HP CEO Meg Whitman's deposition at that stage of the litigation. This court then granted HP's motion for an

emergency protective order.  Plaintiffs appear to have interpreted this court's comments as an order that HP provide a Rule 30(b)(6) witness for questioning.  After reviewing the docket this court has not found an order that commands HP to attend a Rule 30(b)(6) deposition.  Thus Plaintiffs' motion to strike cannot be predicated on a violation of a non-existent court order.

Plaintiffs also argue that HP's answer should be stricken due to its failure to attend its noticed deposition.  "The court where the action is pending may, on motion, order sanctions if ... a person designated under Rule 30(b)(6) or 31(a)(4) fails, after being served with proper notice, to appear for that person's deposition."  FED. R. CIV. P. 37(d)(1)(A)(i).

A court must consider five factors when determining whether case dispositive sanctions are appropriate: "(1) [T]he public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; (5) the availability of less drastic sanctions."  *Alutiiq Inter. Solutions, LLC v. Mariana Ins. Corp.*, 305 F.R.D. 618, 627 (D.Nev. Mar. 13, 2015).

The appropriate resolution is to define the proper scope of HP's Rule 30(b)(6) deposition[1], rather than an order striking HP's answer for a discovery violation.  Allowing Plaintiffs to depose HP's Rule 30(b)(6) witness will expedite resolution of this action on its merits as well as eliminate any prejudice Plaintiffs would have suffered had he not been able to take HP's deposition.  *Alutiiq Inter. Solutions*, 305 F.R.D. at 627.  Thus Plaintiffs' motion to strike HP's answer is denied.

After reviewing HP's list of proposed deposition topics, this court is satisfied HP's proposal encompasses all the substantive areas of inquiry that Plaintiffs' had listed as their proposed topics.  This

---

[1] HP represents that it has always been willing to attend a Rule 30(b)(6) deposition.  (ECF No. 79 at 9)

court will therefore order the parties to take HP's Rule 30(b)(6) deposition. The scope of this deposition will be governed by HP's list of proposed topics (ECF No. 79-12).

ACCORDINGLY,

IT IS HEREBY ORDERED that Plaintiffs' motion to disqualify attorney Morgan Elam (ECF No. 64) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' motion to strike (ECF No. 66) is DENIED.

IT IS FURTHER ORDERD that Plaintiffs' motion for sanctions (ECF No. 67) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' motion to strike HP's answer (ECF No. 68) is DENIED.

IT IS FURTHER ORDERED that on or before June 24, 2016, the current discovery cut-off date, the parties must take HP's Rule 30(b)(6) deposition. The permitted topics of inquiry are as follows:

1. Defendants' internal audit by human resources/employee relations of Plaintiffs' expenses that resulted in Plaintiffs' termination.

2. Defendants' internal investigation by human resources/employee relations pertaining to the internal audit of Taunya Reilly for abuse of expenses at a restricted vendor establishment for FY 2015.

3. HP's FY 13 and FY 14 Global Sales Compensation Policies.

4. Payments received by H3C or HP as a result of the "Macau Deal" as referenced in Plaintiffs' First Amended Complaint.

5. The decision of what commission to pay Jay Grybowski and Ryan Smith associated with the "Macau Deal" as referenced in Plaintiffs' First Amended Complaint.

6. Tracking of a sales orders in COBRA, SANDY, and MYCOMP pertaining to Jay Grybowski and Ryan Smith on the "Macau Deal" as referenced in Plaintiffs' Fits Amended Complaint.

7. Tracking of manual claims pertained to Jay Grybowski and Ryan Smith on the "Macau Deal" as referenced in Plaintiffs' First Amended Complaint.

IT IS FURTHER ORDERED that if the parties fail to stipulate that Hewlett Packard Enterprise will be responsible for any judgment the Plaintiffs may obtain in this action, the Plaintiffs will be allowed to inquire into the liability relationships and fiscal conditions of the named Defendants.

IT IS SO ORDERED.

DATED this 9th day of June, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE